IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**STASIA SCARVER**                                                                                   **PLAINTIFF**
**ADC #714033**

v.                              No: 3:23-cv-00176-JM-PSH

**JOHNNIE SWIFT,** *et al.*                                                         **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Stasia Scarver filed a *pro se* complaint on August 24, 2023, while incarcerated at the Arkansas Division of Correction's McPherson Unit (Doc. No. 2). The Court granted Scarver *in forma pauperis* status and instructed her to file an amended complaint to clarify her claims (Doc. No. 7). She subsequently filed an amended complaint (Doc. No. 10) and a declaration (Doc. No. 11). The Court has

reviewed Scarver's amended complaint and declaration and finds that she does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful,

fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Scarver alleges that she informed Sergeant P. Mallott on May 19, 2023, that she may be harmed if assigned to 6 barracks. Doc. No. 10 at 4. She further alleges that on May 30, 2023, Corporal Levi McDougal operated 6 barracks and allowed inmates access to an unassigned area which resulted in her being attacked and injured. *Id.* Scarver also alleges that she was given a disciplinary signed off on by Lieutenant Chad Baker after the attack and that Warden Faust responded to her grievance regarding the attack. *Id.* She generally alleges that she is targeted by "ADC McPherson officials as a form of retaliation" because she exercises her administrative remedies and rights to the courts. *Id.* The Court has liberally and carefully reviewed Scarver's amended complaint and declaration and finds that she fails to describe sufficient facts to state a claim for relief for the reasons explained below.

***Failure-to-Protect Claim.*** Scarver fails to state an Eighth Amendment failure-to-protect claim. An inmate has a constitutional right to be free from attacks by others. *See Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994). To succeed on

a failure-to-protect claim, Scarver must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008). Specifically,

> This claim has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). . . .

*Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). An inmate's complaints regarding a "general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody." *Robinson v. Cavanaugh,* 20 F.3d at 895; *see also Jones v. Wallace*, 641 Fed. Appx. 665 (unpublished) (a general fear of another inmate is not sufficient to put guards on notice of a specific threat or danger).

In her amended complaint, Scarver states she told Malott she would be at "substantial risk of harm" if she were moved to 6 barracks but did not describe any specific threat. Doc. No. 10 at 4. She attached to her supplemental declaration an inmate request form, in which Malott acknowledged this interaction. *See* Doc. No. 11 at 2. However, her request did not describe any specific fear – rather, she stated that she had told Malott she had "serious altercations with inmates in there" and that she'd be at "potential risk of violence." *Id.* Scarver does not allege that Malott had

any specific knowledge that she was in danger of an attack from specific inmates but failed to separate them. She also does not allege that Malott was responsible for placing her in 6 barracks.

Likewise, while Scarver alleges that McDougal operated the barracks on the date she was attacked and allowed some inmates to access an "unassigned area," she describes no facts indicating that McDougal had any reason to suspect those inmates would attack Scarver. Doc. No. 10 at 4.

For these reasons, Scarver fails to describe sufficient facts to state a constitutional claim that Malott or McDougal were deliberately indifferent to a substantial risk of serious harm to her. Her failure-to-protect claims should therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

***False Disciplinary.*** Scarver alleges that Baker signed off on a disciplinary after the attack that "shouldn't have been written d[ue] to circumstances." Doc. No. 10 at 4. To the extent Scarver alleges she received a false disciplinary, she does not state a viable constitutional claim. *See Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same). *See also Daniels v. Ferguson*, 2008 WL 698485, *9 (W.D. Ark. March 13, 2008) ("To the extent Daniels contends his Due Process rights were violated because the

disciplinary charges were fabricated or the events simply never occurred, courts have held that a prisoner enjoys no constitutional guarantee to be free from false charges that may lead to punishment.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) and *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983)). Scarver's allegation that she Baker signed off on a wrongful disciplinary is simply insufficient to state a claim for relief. Any such claim should therefore be dismissed without prejudice.

***Grievance Process.*** Scarver's allegation that Warden Faust responded to her grievance and held her accountable for the attack is also insufficient to describe a viable constitutional claim. *See* Doc. No. 10 at 4. Participation in the administrative grievance procedure alone is insufficient to establish liability under § 1983. *See Rowe v. Norris*, 198 F. App'x 579, 580 (8th Cir. 2006) (unpublished). Rather, a defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006). Scarver's claim against Faust should therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

***Retaliation.*** Finally, Scarver's allegation that ADC McPherson officials target her for exercising her administrative remedies or filing lawsuits is wholly conclusory and fails to state a viable claim. She does not describe who retaliated

against her or how. To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Scarver's retaliation claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, Scarver's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

1. Scarver's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 25th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE