IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**STASIA SCARVER**                                                                **PLAINTIFF**
**ADC #714033**

v.                             No: 3:23-cv-00176-JM-PSH

**LEVI McDOUGAL**                                                              **DEFENDANT**

## ORDER

Before the Court is Plaintiff Stasia Scarver's motion, filed November 7, 2024, for a default judgment against Levi McDougal (Doc. NO. 25).[1]  Default has been entered against McDougal (Doc. No. 23).  The Court now schedules an evidentiary hearing on Scarver's motion and provides her notice about the purpose of the hearing.

Scarver filed a *pro se* complaint on August 24, 2023, while incarcerated at the Arkansas Division of Correction's McPherson Unit (Doc. No. 2).  She subsequently filed an amended complaint (Doc. No. 10) and a declaration (Doc. No. 11).  The undersigned recommended that her claims be dismissed for failure to state a claim upon which relief may granted, and Scarver filed objections making new allegations

---

[1] Scarver's claims against other defendants were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* Doc. No. 16.

regarding the knowledge and personal participation of Defendant Levi McDougal. *See* Doc. No. 12, 15. Scarver's objections were construed as a supplement to her complaint, and her failure-to-protect claim against McDougal was allowed to proceed. *See* Doc. No. 16. Her other claims were dismissed without prejudice for failure to state a viable claim. *Id.*

Given defendant McDougal's default, the factual allegations in the complaint, other than those relating to damages, are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). However, the Court remains obligated to ensure that Scarver's factual allegations provide a basis for McDougal's liability. *Id.* (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998)) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

In her complaint, Scarver alleges that she informed Sergeant P. Mallott on May 19, 2023, that she may be harmed if assigned to 6 barracks. Doc. No. 10 at 4. She further alleges that on May 30, 2023, McDougal operated 6 barracks and allowed two inmates access to an unassigned area which resulted in her being attacked and injured (with permanent scarring and an injured left ankle). *Id.* In her objections, Scarver alleged, in relevant part:

> On 5-30-23 at 4:01 AM official McDougal key operated (6) barracks door fully aware. inmate P. Flood was assigned to (7) barracks instead

> of (6) barracks and yet still allowed inmates access to an unassigned area. This alone violates the rules and regulations of Arkansas Division of Corrections McPherson Unit. This is a maximum security prison. It is officials duty to know where an inmate is assigned at all times especially if there assigned to their area. Officials are provided every day with an inmate picture roster, showing what barracks, bed, and housing unit, job assignment and class status an inmate is assigned to in order to prevent an inmate from entering an unassigned area and etc.. McPherson officials can not protect from other inmates. Cameras footage dated for 5-19-23 from 3:00 AM-4:45 AM shows inmate Flood trying to enter (6) barracks while making threats to myself/inmates. It also shows either McDougal or Demotropulous keeping Flood from entering.

Doc. No. 15 at 2.[2]  Because Scarver's complaint is somewhat conclusory and unclear, Scarver should be prepared to clarify these factual allegations at the hearing.

In addition, if the Court finds liability established, it must determine Scarver's damages. Because damages in this case are indefinite and not subject to easy computation, Scarver shoulders the burden to prove her damages to a reasonable degree of certainty. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (noting that when default judgment is entered on a claim for uncertain damages, facts alleged in the complaint are taken as true, except for those relating to damages, which must be proved "to a reasonable degree of certainty," in a supplemental proceeding); *see also* Fed. R. Civ. P. 55(b)(2) (providing that a court may conduct a hearing to determine the amount of damages). Accordingly, Scarver

---

[2] Scarver's complaint allegations are transcribed verbatim without any corrections for misspellings or mistakes.

should be prepared to present evidence in support of her request for money damages at the hearing.

IT IS THERFORE ORDERED that an evidentiary hearing on Scarver's motion for default judgment (Doc. No. 25) is scheduled to begin in this case on Tuesday, July 15, 2025, Courtroom # 1B, Richard Sheppard Arnold United States Courthouse, 600 West Capitol Avenue, Little Rock, Arkansas.

IT IS SO ORDERED this 29th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE